JOURNAL ENTRY AND OPINION
{¶ 1} On August 21, 2006, Defendant Rayshawn D. Ogletree filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Ogletree, Cuyahoga App. No. 86500, 2006-Ohio-2320. In that opinion, we affirmed Ogletree's convictions for murder, aggravated burglary, aggravated robbery, and engaging in a pattern of corrupt activity. The State of Ohio did not submit a memorandum in opposition to appellant's application for reopening. For the following reasons, we decline to reopen Ogletree's appeal:
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Ogletree filed an appeal with the Supreme Court of Ohio which denied his request and dismissed the appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issues listed in the application for reopening were raised or could have been raised, res judicata bars re-litigation of these matters. We further find that the application of res judicata would not be unjust.
 {¶ 4} Notwithstanding the above, Ogletree fails to establish that his appellate counsel was ineffective. "In State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696.
 {¶ 5} Additionally, Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 91,104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. At 689, 104 S.Ct. 2052,80 L.Ed.2d 674. Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes, (1983),463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders
(2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. Furthermore, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 402 N.E.2d 1189. After reviewing Ogltree's application, we find that he has failed to demonstrate a "genuine issue as to whether he was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).
 {¶ 6} Ogletree's application essentially argues that appellate counsel was ineffective for only challenging his murder conviction. Absent Ogletree's assertions that the only evidence against him was the testimony of the co-defendants, and that his appellate counsel failed to adequately communicate with him, Ogletree does not demonstrate how challenging his other convictions would have resulted in a successful appeal. "The mere recitation of assignments of error is not sufficient to meet applicant's burden to `prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful.Spivey, supra." State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367.
 {¶ 7} Accordingly, the application for reopening is denied.
Dyke, A.J., and McMonagle, J., concur.