[Cite as *State v. Littlejohn*, 2011-Ohio-2035.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95380

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARIO A. LITTLEJOHN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523358

**BEFORE:**   Kilbane, A.J., Cooney, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   April 28, 2011

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Erica Barnhill
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Mario Littlejohn (Littlejohn), appeals his convictions and sentences. Finding no merit to the appeal, we affirm.

{¶ 2} In April 2009, Littlejohn was charged in a five-count indictment. Counts 1 and 2 charged him with felonious assault on a peace officer, Count 3 charged him with drug possession, Count 4 charged him with drug trafficking with a juvenile specification, and Count 5 charged him with possessing criminal tools. The matter proceeded to a jury trial, at which the following evidence was adduced.

{¶ 3} On March 19, 2009, Cleveland police officers responded to a call of shots fired at the Garden Valley Apartments in Cleveland, Ohio. Officers Katrina Ruma (Ruma), Nicholas Sefick (Sefick), Thomas Tohati (Tohati), and Daniel Hourihan (Hourihan) responded to the scene. Ruma observed a white Lexus, with two occupants, parked in the parking lot. She spoke with Salvatore Curiale (Curiale), the security officer on duty at the time. Curiale advised that the Lexus had been parked there for about an hour.

{¶ 4} Ruma approached the Lexus to determine if the occupants observed any activity relating to the shooting. She testified that there was a female in the driver's seat, a male in the front passenger seat, and a child in

the back seat. Ruma asked Taniesha Howard (Howard), the female in the driver's seat, to lower her window. When Howard lowered her window, Ruma smelled marijuana and observed smoke coming out of the window. At this point, Ruma ordered both Howard and Littlejohn, the male passenger, to exit the Lexus. Sefick, Tohati, and Hourihan were at the scene to assist Ruma. Tohati asked Littlejohn if he had any weapons or drugs on him. Littlejohn responded that he had marijuana. Tohati patted down Littlejohn and found marijuana and crack cocaine in Littlejohn's pockets.

{¶ 5} As Tohati was handcuffing Littlejohn, Littlejohn began to run away. Tohati held onto Littlejohn by his waist. Littlejohn dragged Tohati on the ground for several feet until Hourihan caught up with them and tackled Littlejohn to the ground. Littlejohn punched and kicked Tohati and Hourihan as they attempted to subdue him. Tohati testified that once Littlejohn went to the ground, Littlejohn began to kick him in the face, head, and chest area very aggressively, causing him to be disoriented. The next thing Tohati remembered was the other officers around him yelling at Littlejohn to stop resisting. Hourihan testified that Littlejohn struck him several times with his fists and elbows.

{¶ 6} Littlejohn was eventually secured and placed in the back of a police cruiser. Tohati and Hourihan were transported by ambulance to the hospital, where they were treated for their injuries. Tohati testified that he

was disoriented and experienced blurred vision in his right eye. He sustained a bruise to his temple that persisted for three to four weeks. He testified that the bruise was the size of his palm. Hourihan testified that as a result of this incident, he sustained a bruised left hand and a laceration to the scalp. At the hospital, he received a tetanus shot and x-rays. He missed two weeks of work and then was put on light duty for three weeks because his knuckle and wrist were bruised and he could not fully flex his hand.

{¶ 7} Littlejohn testified in his own defense. He admitted to possessing the drugs and attempting to run away from the officers. He testified that the officers tackled him to the ground, handcuffed him, and beat him. Howard also testified, stating that Littlejohn was beaten by the officers.

{¶ 8} At the conclusion of trial, the jury found Littlejohn guilty of two counts of assault of a peace officer (the lesser included offense in Counts 1 and 2), drug possession (Count 3), and drug trafficking with the juvenile specification (Count 4). The jury found him not guilty of possessing criminal tools (Count 5). The trial court sentenced him to eighteen months in prison on each of Counts 1 and 2, to be served consecutively to each other, eighteen months on Count 3, to be served concurrently to Count 4, and five years on Count 4, to be served consecutively to Counts 1 and 2, for an aggregate of eight years in prison.

**{¶ 9}** Littlejohn now appeals, raising three assignments of error for review, which shall be discussed together where appropriate.

ASSIGNMENT OF ERROR ONE

**"The lower court erred and denied [Littlejohn] due process of law when it imposed consecutive sentences without making findings required by R.C. 2929.14(E) and [*Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.]"**

**{¶ 10}** The Ohio Supreme Court has set forth the applicable standard of appellate review for felony sentences in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, declaring that in applying "[*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470], to the existing statutes, appellate courts must apply a two-step approach." Id. at ¶4.[1] Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id.

**{¶ 11}** Littlejohn relies on *Ice*, arguing that his sentence violates due process because the trial court imposed consecutive sentences without

---

[1]We recognize *Kalish* is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.

making the requisite findings required by R.C. 2929.14(E)(4) and 2929.41(A).[2]

 However, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court recently addressed this argument and held that *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in [*Foster*]. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs two and three of the syllabus. As the *Kalish* court stated, post-*Foster*, "'trial courts *have full discretion to impose a prison sentence* within the statutory range and *are no longer required to make findings and give reasons* for imposing maximum, consecutive, or more than the minimum sentences.'" (Emphasis added in *Kalish*.) Id. at ¶11, quoting *Foster* at ¶100.

{¶ 12} Therefore, the trial court in the instant case was not obligated to make findings prior to imposing a consecutive sentence. Furthermore, Littlejohn's eight-year sentence is within the permissible statutory range for his convictions. In the sentencing journal entry, the trial court

---

[2]In *Ice,* the U.S. Supreme Court upheld a statute that required judicial fact finding when imposing consecutive sentences, and concluded that the Sixth Amendment to the United States Constitution is not violated when sentencing judges, rather than juries, make the findings of facts necessary for the imposition of consecutive, rather than concurrent, sentences for multiple offenses. Id. at 716-720.

acknowledged that it had considered all factors of law and found that prison was consistent with the purposes of R.C. 2929.11. As a result, we cannot conclude that his sentence is contrary to law, and we now consider whether it constituted an abuse of discretion. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

{¶ 13} A review of the record reveals that the trial court considered the facts of this case and Littlejohn's prior convictions. The trial court also considered letters from Littlejohn's family members and a presentence investigation report from Littlejohn's prior criminal case. The court stated that it did not think that he knowingly intended to assault the police officers. Rather, the court thought he was reckless, and the jury's verdict reflected that accurately. Based on the foregoing, there is nothing in the record to suggest the trial court abused its discretion by imposing consecutive sentences.

{¶ 14} Therefore, the first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

**"The verdicts finding [Littlejohn] guilty of assault of a police officer were against the manifest weight of the evidence[.]"**

ASSIGNMENT OF ERROR THREE

**"The evidence below was legally insufficient to sustain verdicts of guilty of the offenses of assault as charged in Counts 1 and 2 of the indictment[.]"**

{¶ 15} In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶113, the Ohio Supreme Court explained the standard for sufficiency of the evidence:

> **"Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern.** *State v. Thompkins* **(1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In reviewing such a challenge, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'** *State v. Jenks* **(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following** *Jackson v. Virginia* **(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560."**

{¶ 16} With regard to a manifest weight challenge, the "reviewing court asks whose evidence is more persuasive — the state's or the defendant's? * * * 'When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.' [*Thompkins* at 387], citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶25.

{¶ 17} Moreover, an appellate court may not merely substitute its view for that of the jury, but must find that "'in resolving conflicts in the evidence, the jury clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id., quoting *Martin*.

{¶ 18} In the instant case, Littlejohn was convicted of assault under R.C. 2903.13(B), which provides in pertinent part: "[n]o person shall recklessly cause serious physical harm to another[.]" Furthermore, "[i]f the victim of the offense is a peace officer * * * and if the victim suffered serious physical harm as a result of the commission of the offense, assault is a felony of the fourth degree[.]" Id. at (C)(4).

{¶ 19} R.C. 2901.01(A)(5) defines serious physical harm in relevant part as: "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity [or] * * * (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."

{¶ 20} Littlejohn argues that there was insufficient evidence of "serious physical harm" because neither Tohati nor Hourihan required stitches and both officers were treated and released at the hospital. As a result, he contends the "jury lost its way" when it found him guilty of two counts of assault. We disagree.

**{¶ 21}** This court has held that "[w]here injuries to the victim are serious enough to cause him or her to seek medical treatment, a jury may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5)." *State v. Wilson* (Sept. 21, 2000), Cuyahoga App. No. 77115, citing *State v. Walker* (June 18, 1987), Cuyahoga App. No. 52391; *State v. Grider* (Dec. 20, 1995), Cuyahoga App. No. 68594; *State v. Huckabee* (Oct. 26, 1995), Cuyahoga App. No. 67588; *State v. Rushing* (Sept. 30, 1993), Cuyahoga App. No. 62688; and *State v. Williams* (Nov. 10, 1983), Cuyahoga App. No. 46599. See, also, *State v. Davis*, Cuyahoga App. No. 81170, 2002-Ohio-7068, ¶20.

**{¶ 22}** Here, Tohati and Hourihan were transported by ambulance to the hospital, where they were treated for their injuries. Therefore, the jury could reasonably infer that the force exerted on the officers caused serious physical harm. *Wilson*. Moreover, even without inferring that Tohati and Hourihan suffered serious physical harm from the fact that they sought medical treatment, their testimony was sufficient to convince a rational trier of fact that they suffered serious physical harm as defined in R.C. 2901.01(A)(5)(c) and (e).

**{¶ 23}** Tohati testified that he was disoriented and experienced blurred vision in his right eye. He sustained a bruise to his temple that persisted for three to four weeks. Tohati was off from work for approximately one month

because of his injuries. Tohati further testified that he still suffers from headaches. Hourihan testified that he sustained a bruised left hand and a laceration to the scalp. At the hospital, he received a tetanus shot and x-rays. He missed two weeks of work and then was put on light duty for three weeks because his knuckles and wrist were bruised and he could not fully flex his hand. Hourihan further testified that his hand is still a problem and he has been in physical therapy since the injury. This evidence demonstrates "some temporary, substantial incapacity" to satisfy the serious physical harm element.

{¶ 24} Based on this evidence, we find sufficient evidence in the record that Littlejohn recklessly caused serious physical harm to Tohati and Hourihan. We further find that this is not the extraordinary case where the "jury lost its way" and created a manifest miscarriage of justice.

{¶ 25} Accordingly, the second and third assignments of error are overruled.

Judgment is affirmed.


It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN A. KEOUGH, J., CONCUR