[Cite as *State v. Littlejohn*, 2012-Ohio-1064.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95380**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARIO A. LITTLEJOHN

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-523358
Application for Reopening
Motion No. 446390

**RELEASE DATE:**   March 9, 2012

**FOR APPELLANT**

Mario A. Littlejohn, pro se
Inmate No. A584806
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Erica Barnhill
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

SEAN C. GALLAGHER, J.:

{¶1} Mario A. Littlejohn has filed a timely application for reopening pursuant to App.R. 26(B). Littlejohn is attempting to reopen the appellate judgment, as rendered in *State v. Littlejohn*, 8th Dist. No. 95380, 2011-Ohio-2035, WL 1638954, which affirmed his conviction for the offenses of assault with peace officer specifications (R.C. 2903.13), possession of drugs (R.C. 2925.11), and trafficking in drugs (R.C. 2925.03). We decline to reopen Littlejohn's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Littlejohn must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996). Specifically, Littlejohn must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

> In *State v. Reed* [*supra*, at 458] we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal. *State v. Spivey*, 84 Ohio St.3d 24, 25,701 N.E.2d 696 (1998).

**{¶3}** It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, *supra*; *State v. Gumm*, 73 Ohio St.3d 413, 653 N.E.2d 253 (1995); *State v. Campbell*, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994).

**{¶4}** In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has established that an appellate attorney possesses the discretion to decide which issues he or she believes are the most fruitful arguments based upon the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, *supra*.

**{¶5}** In the case sub judice, Littlejohn raises four proposed assignments of error in support of his claim of ineffective assistance of appellate counsel:

(1) "The appellant was denied a fair trial and [d]ue process of [l]aw when he did not receive [e]xculpatory [e]vidence.";

(2) "The appellant received ineffective assistance of trial counsel for failing to properly raise the issue of prosecutorial misconduct to support his motion for mistrial.";

(3) "The trial court abused its discretion when it denied the appellant[']s motion for mistrial due to not receiving [e]xculpatory [e]vidence."; and

(4) "The appellant[']s conviction for [t]rafficking [in] drugs pursuant to Revised Code § 2925.03 with a juvenile spec. is insufficient because it is absent proof beyond a reasonable doubt which deprived the appellant his constitutional right to due process of law. *Jackson v. Virginia* (1979), 443 U.S. 307; Fifth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution."

**{¶6}** Littlejohn, however, has failed to present any substantive argument, with regard to his four proposed assignments of error, that demonstrates how appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's claimed deficiency.

{¶7} In *State v. Kelly*, 8th Dist. No. 74912, 1999 WL 1044494 (Nov. 18, 1999), reopening disallowed (June 21, 2000), this court established that the mere recitation of assignments of error, without substantive argument, is not sufficient to meet the burden to prove that applicant's appellate counsel was deficient for failing to raise the issues he now presents or that there was a reasonable probability that he would have been successful if the present issues were considered in the original appeal. *State v. Gaughan*, 8th Dist. No. 90523, 2009-Ohio-955, 2009 WL 546189, reopening disallowed, 2009-Ohio-2702, 2009 WL 1622377. *See also State v. Mosely*, 8th Dist. No. 79463, 2002-Ohio-1101, 2002 WL 450132, reopening disallowed, 2005-Ohio-4137, 2005 WL 1923600; *State v. Dial,* 8th Dist. No. 83847, 2004-Ohio-5860, 2004 WL 2491672, reopening disallowed 2007-Ohio-2781, 2007 WL 1641757; *State v. Ogletree*, 8th Dist. No. 86500, 2006-Ohio-2320, 2006 WL 1281008, reopening disallowed 2006-Ohio-5592, 2006 WL 3030977; *State v. Huber*, 8th Dist. No. 80616, 2002-Ohio-5839, 2002 WL 31401616, reopening disallowed 2004-Ohio-3951, 2004 WL 1681261.

{¶8} It must also be noted that Littlejohn's claims of ineffective assistance of both appellate counsel and trial counsel, as predicated upon the failure to receive exculpatory evidence from the prosecutor, the failure to raise the issue of prosecutorial misconduct, the trial court's denial of the motion for mistrial, and sufficiency of the evidence, involve strategic choices of counsel that fell within the realm of trial strategy and tactics that would not ordinarily be disturbed on appeal. *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263. Littlejohn has failed to demonstrate the prejudice that resulted from the strategic decisions as made by trial counsel during the course of trial or that the outcome of his appeal would have been different had the issues been raised on appeal. *Spivey,* 84 Ohio St.3d at 25, 1998-Ohio-704, 701 N.E.2d 696; *Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456.

{¶9} Finally, a substantive review of Littlejohn's four proposed assignments of error fails to demonstrate the existence of any prejudice that would have resulted in a different outcome on appeal. Littlejohn, through his initial proposed assignment of error, argues prosecutorial misconduct vi-a-vis a discovery violation. Specifically, Littlejohn argues that the prosecutor failed to provide a copy of a police officer's written summary of Littlejohn's oral statement. A review of the transcript demonstrates that the appellant was provided with a copy of the written statement, during the course of trial, and that he was afforded additional cross-examination of the police officer. *See* Tr. 491-501. Error, if any, was cured by the trial court and we do not find the existence of any prosecutorial misconduct through the discovery issue as raised by Littlejohn. *State v. Johnson*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988); *State v. Staten*, 14 Ohio App.3d 78, 470 N.E.2d 249 (2d Dist. 1984).

{¶10} Through his second proposed assignment of error, Littlejohn agues that trial counsel was ineffective by failing to zealously argue with regard to a motion for a mistrial as based upon prosecutorial misconduct and the aforesaid discovery issue. As stated previously, there exists no evidence of prosecutorial misconduct in the record. In addition, we find that trial counsel was not ineffective through his argument of a motion for mistrial. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

**{¶11}** Littlejohn, through his third proposed assignment of error, argues that the trial court erred by failing to grant a motion for a mistrial as based upon the failure of the prosecutor to provide discovery and prosecutorial misconduct. Once again, Littlejohn was not prejudiced by the conduct of the prosecutor and was provided a meaningful remedy to cure any potential harm through additional cross-examination of the police officer that took Littlejohn's oral statement. The trial court did not abuse its discretion by denying a motion for a mistrial as based upon prosecutorial misconduct and the discovery issue. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed. 543 (1971).

**{¶12}** Through his fourth proposed assignment of error, Littlejohn argues that his conviction for the offense of trafficking in drugs was not supported by sufficient evidence.

**{¶13}** In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 113, the Ohio Supreme Court explained the standard for sufficiency of the evidence:

> Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶14} Herein, we find that after viewing the evidence adduced at trial, in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense of trafficking in drugs, a violation of R.C. 2925.02(A)(2), proven beyond a reasonable doubt. The record before this court clearly demonstrates the following: (1) Littlejohn was a passenger in an automobile; (2) the automobile also contained a female adult and a female child; (3) Littlejohn was searched by the police; (4) Littlejohn was in possession of ten rocks of crack cocaine and marijuana; (5) Littlejohn was in possession of $114 in small denominations; (6) the crack cocaine had been cut into smaller pieces with a razor, which facilitated its distribution upon sale; (7) Littlejohn admitted that he was in possession of the crack cocaine and the marijuana; and (8) Littlejohn asserted that he did not use crack cocaine. The testimony and evidence introduced at trial, both direct and circumstantial and when viewed in a light most favorable to the prosecution, was sufficient to establish beyond a reasonable doubt each and every element of the offense of trafficking in drugs per R.C. 2925.03(A)(2). The prosecution proved beyond a reasonable doubt that Littlejohn, on March 19, 2009, and in Cuyahoga County, Ohio, did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute crack cocaine when he knew, or had reasonable cause to believe, that the crack cocaine was intended for sale or resale, and the crack cocaine exceeded one gram, but less than five grams. The testimony and evidence was sufficient to establish the juvenile specification, which involved the commission of the trafficking in drugs offense within 100 feet of a juvenile or within view of a juvenile.

*Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492; *State v. Kutsar*, 8th App. No. 89310, 2007-Ohio-6990, WL 4534589. Littlejohn's fourth proposed assignment of error is without merit.

{¶15} Thus, we find that Littlejohn has failed to establish that appellate counsel was ineffective on appeal through his four proposed assignments of error.

Accordingly, the application for reopening is denied.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR