[Cite as *State v. Littlejohn*, 2012-Ohio-5897.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 98495

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARIO LITTLEJOHN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523358

**BEFORE:** Celebrezze, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio   44137


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Mario Littlejohn, appeals the decision of the common pleas court, which dismissed Littlejohn's petition for postconviction relief without an evidentiary hearing. For the following reasons, we affirm.

{¶2} On June 11, 2010, a jury found appellant guilty of two counts of assault of a peace officer (the lesser included offense in Counts 1 and 2), drug possession (Count 3), and drug trafficking with a juvenile specification (Count 4), and sentenced him to an aggregate of eight years in prison. Appellant directly appealed his convictions and sentence in *State v. Littlejohn*, 8th Dist. No. 95380, 2011-Ohio-2035 ("*Littlejohn I*").[1] In *Littlejohn I*, appellant argued that the trial court erred when it imposed consecutive sentences without making findings required by R.C. 2929.14(E) and *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). Additionally, appellant challenged the sufficiency and weight of the evidence supporting his convictions. On April 28, 2011, this court affirmed appellant's sentence and convictions.

{¶3} While appellant's appeal was pending before this court, appellant filed a pro se petition for postconviction relief on January 31, 2011. The state filed its response on February 14, 2011. On August 22, 2011, the trial court denied appellant's petition without a hearing based on the doctrine of res judicata and issued findings of fact and conclusions of law.

---

[1] *See Littlejohn I*, ¶ 3-7, for an accurate statement of the facts surrounding appellant's convictions.

**{¶4}** Appellant now appeals, raising two assignments of error for review.

I. The trial court abused its discretion by dismissing appellant's post conviction relief petition without a hearing.

II. The trial court's journal entry fails to make specific findings of fact on all material issues raised.

Law and Analysis

I. Postconviction Relief

**{¶5}** Petitions for postconviction relief are governed by the standards set forth in R.C. 2953.21, which provides, in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

**{¶6}** A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is

"more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence. *Gondor* at ¶ 58.

{¶7} A trial court's decision to deny a postconviction petition without a hearing is also reviewed under the abuse of discretion standard. *State v. Broom*, 8th Dist. No. 96747, 2012-Ohio-587, ¶ 13, citing *State v. Abdussatar*, 8th Dist. No. 92439, 2009-Ohio-5232, ¶ 15.

{¶8} The Ohio Supreme Court has held that, pursuant to R.C. 2953.21(C), a trial court may dismiss a petition for postconviction relief "without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, at paragraph two of the syllabus. According to the Ohio Supreme Court, it is "not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled." *Id*. at 283.

{¶9} R.C. 2953.21(A) requires a petitioner for postconviction relief to allege a "denial or infringement" of his rights under the Ohio or United States Constitutions. In the case sub judice, appellant asserted two separate denials or infringements: first, that he was denied effective assistance of counsel as required by the Sixth Amendment to the

United States Constitution; and second, that he was denied his due process rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution due to "prosecutorial misconduct."

{¶10} In his petition for postconviction relief, appellant argued that he received ineffective assistance of counsel based on trial counsel's failure to: (1) file and litigate a motion to suppress; (2) interview and present the testimony of his cousin, Carlos Littlejohn; and (3) secure and present surveillance video evidence at trial from the area where appellant was arrested. Appellant contends that the testimony of Carlos and the surveillance video evidence would have rebutted the prosecution's evidence supporting his assault convictions by establishing that the police officers were the aggressors in this matter. Appellant's prosecutorial misconduct claim stems from his assertion that the prosecution failed to timely disclose a summary of the oral statements he allegedly made to police officers at the time of his arrest. In support of the arguments raised in his petition for postconviction relief, appellant attached affidavits produced by himself, his cousin Carlos Littlejohn, and his fiancée Mysha Cunningham.[2]

{¶11} At the outset, we are compelled to address one of the common doctrinal hurdles that postconviction relief petitioners must clear: the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an

___

[2] The attached affidavits at issue contain statements from Carlos Littlejohn that, prior to appellant's trial, Carlos Litttlejohn was arrested in an unrelated matter and told by the arresting officer that he had arrested appellant and "broke [his] hand on [appellant's] face." Further, Mysha Cunningham's affidavit contends that appellant's counsel failed to timely investigate appellant's and Mysha's repeated requests that counsel obtain surveillance footage from businesses surrounding the area where appellant was arrested.

appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. (Internal quotation marks and citation omitted.)

*Abdussatar*, 8th Dist. No. 92439, 2009-Ohio-5232, ¶ 13.

**{¶12}** A petition for postconviction relief may be denied or dismissed on res judicata grounds if the trial court "finds that the petitioner could have raised the issues in the petition at trial or on direct appeal without resorting to *evidence beyond the scope of the record.*" (Emphasis added.) *Id.* at ¶ 16; *accord State v. Williams*, 8th Dist. No. 85893, 2005-Ohio-6020, ¶ 7.

**{¶13}** With these principles in mind, we find that appellant's prosecutorial misconduct claim is barred by res judicata. It is apparent that appellant's prosecutorial misconduct claim is rooted in actions that occurred during the discovery process. Records of that process, and the parties' motions and responses therein, would certainly be within the scope of the record on direct appeal. Appellant was, therefore, required to present his prosecutorial misconduct argument on direct appeal and, having failed to do so, the argument is barred by res judicata.

**{¶14}** Similarly, appellant's ineffective assistance of counsel claim relating to trial counsel's alleged failure to litigate a motion to suppress should have been raised on direct appeal. The facts and circumstances surrounding the purported grounds for a motion to suppress were in existence at the time *Littlejohn I* was filed. Accordingly, we dismiss appellant's prosecutorial misconduct claim and a portion of his ineffective assistance of counsel claim pursuant to the doctrine of res judicata.

{¶15} In contrast, appellant's remaining claims of ineffective assistance are firmly based on evidence that was outside the scope of the trial record at the time *Littlejohn I* was filed, namely the affidavits of Carlos Littlejohn and Mysha Cunningham. "It is well-established in Ohio law that where an ineffective assistance of counsel claim cannot be supported solely on the trial court record, it should not be brought on direct appeal." *Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir.2006), citing, inter alia, *State v. Cooperrider*, 4 Ohio St.3d 226, 228-229, 448 N.E.2d 452 (1983); *State v. Coleman*, 85 Ohio St.3d 129, 134, 1999-Ohio-258, 707 N.E.2d 476. Because the information contained in the affidavits were not part of the record prior to appellant's petition for postconviction relief, they were not proper subjects of direct appeal. Therefore, appellant's remaining claims of ineffective assistance of counsel based on trial counsel's failure to interview Carlos Littlejohn and counsel's failure to secure surveillance video evidence are not barred by res judicata.[3]

{¶16} Nevertheless, we are prevented from examining appellant's remaining ineffective assistance of counsel allegations due to his failure to furnish the court with the transcripts and exhibits from his trial. In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's

---

[3] To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation; and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Pursuant to *Strickland*, courts need not undertake an analysis of both prongs: "[i]n particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland* at 697; *accord Bradley* at 143.

decision. App.R. 9(B); *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, ¶ 7. Failure to file the transcript prevents an appellate court from reviewing an appellant's assignments of error. *State v. Turner*, 8th Dist. No. 91695, 2008-Ohio-6648, ¶ 13. In order to evaluate appellant's arguments that the testimony of Carlos Littlejohn and surveillance video evidence would have altered the outcome of the case by discrediting prosecution witnesses, review of the trial transcripts is a necessity. Lacking the requisite materials in the record to evaluate the trial court's analysis pursuant to R.C. 2953.21(C), we must presume regularity in the proceedings below. *State v. Lababidi*, 8th Dist. No. 96755, 2012-Ohio-267; *State v. Rice*, 8th Dist. No. 95100, 2011-Ohio-1929. Because appellant did not file a transcript of the proceedings below and the accompanying exhibits that are necessary for our determination of the issue at bar, his argument that the trial court abused its discretion in denying his petition for postconviction relief without holding an evidentiary hearing is without merit. *See State v. Onunwor*, 8th Dist. No. 97895, 2012-Ohio-4818.

{¶17} We do note, however, that our examination of appellant's attached affidavits, without reference to the transcript and exhibits from trial, does not reveal sufficient operative facts entitling appellant to a postconviction relief hearing. The challenges appellant raises in his petition for relief from judgment, and his supporting affidavits, generally relate to the tactical strategies of trial counsel. As the Ohio Supreme Court has stated on numerous occasions, "trial strategy and even debatable trial tactics do not establish ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101.

**{¶18}** Appellant's first assignment of error is overruled.

## II. Failure to State Findings of Fact and Conclusions of Law

**{¶19}** Lastly, as stated by the Supreme Court of Ohio in *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905:

> A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion.

*Id.* at 291-292. After reviewing the record before us, we find the trial court's findings of fact and conclusions of law in the instant case to be more than sufficient in meeting this standard.

**{¶20}** Appellant's second assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR