[Cite as *State v. Ogletree*, 2021-Ohio-381.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                 No. 109948

    v.                             :

RAYSHAWN OGLETREE,                      :

    Defendant-Appellant.           :

---

#### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 11, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-04-459615-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Janna Lifford, Assistant Prosecuting Attorney, *for appellee.*

Rayshawn Ogletree, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1}   In this accelerated appeal, defendant-appellant Rayshawn Ogletree appeals the trial court's denial of his motion to release surety from obligation.  For the reasons that follow, we affirm.

**Procedural History and Factual Background**

{¶ 2} On November 23, 2004, Ogletree was arrested. On December 7, 2004, Ogletree was arraigned and his bond was set at $250,000 cash/surety/property. There is nothing in the record to indicate that Ogletree ever posted bond.

{¶ 3} In 2005, a jury found Ogletree guilty of one count of murder with firearm specifications (Count 1), three counts of aggravated robbery with firearm specifications (Counts 3, 7, and 20), one count of aggravated burglary with firearm specifications (Count 21) and one count of engaging in a pattern of corrupt activity (Count 22). Ogletree was sentenced to a prison term of 18 years to life on the murder count, to be served concurrently with an aggregate sentence of 43 years on the remaining counts, i.e., 9 years on Count 3, 12 years each on Counts 7, 20 and 21 (3-year sentence on the firearm specification to be served prior to and consecutive to 9-year sentence on the base offense) and 10 years on Count 22, with the sentences on Counts 20 and 21 to run concurrently and the sentences on Counts 7, 3, 20 and 22 to run consecutively.

{¶ 4} Ogletree appealed, challenging only his murder conviction. He argued that the evidence was insufficient to sustain his conviction and that his conviction was against the manifest weight of the evidence because he did not have the requisite intent to commit murder. This court affirmed his conviction. *State v. Ogletree*, 8th Dist. Cuyahoga No. 86500, 2006-Ohio-2320. Ogletree filed an appeal

with the Ohio Supreme Court, but his appeal was not accepted for review. *State v. Ogletree*, 111 Ohio St.3d 1430, 2006-Ohio-5351, 855 N.E.2d 496.

{¶ 5} On August 21, 2006, Ogletree filed an application to reopen his appeal pursuant to App.R. 26(B), arguing that his appellate counsel was ineffective for challenging only his murder conviction. This court declined to reopen his appeal. *State v. Ogletree*, 8th Dist. Cuyahoga No. 86500, 2006-Ohio-5592.

{¶ 6} On August 20, 2020, Ogletree filed, pro se, a "motion to release surety from obligation." The sum and substance of his motion is as follows:

> Defendant moves this court for Relief of judgment in reason of Satisfaction of judgment due to Filed Release of Bond No. 460458 on 07/27/2020 in case styled aboved. [sic]
>
> O.R.C. 2937.40 Release of Bond.
>
> U.C.C. 3-305 a(1) Claim in Recoupment.

{¶ 7} On August 24, 2020, the trial court denied the motion. Ogletree appealed, raising the following nine assignments of error for review:

> Assignment of Error No. 1: The lower court erred when it denied appellant's motion to release surety from obligation for not complying with ORC Section 2937.40(c).
>
> Assignment of Error No. 2: The lower court erred when it didn't comply with O.R.C. Title 13 § 1303, 3-104(a)(1)(2), appellant, submitted the instrument in full as it would satisfy the entire claim.
>
> Assignment of Error No. 3: The lower court erred when it didn't comply with the requirements of O.R.C. ____ [sic] Section 2937.41, in part: The clerk or magistrate were to endorse the satisfaction on the recognizance and transmit to the county recorder the notice of discharge provided for in O.R.C. Section 2937.26 of the Revised Code.

<u>Assignment of Error No. 4</u>:    The lower court erred when it didn't comply with the requirements of O.R.C. Title 13 § 1303, 3-302(a)(1), (a)(i)(ii), as the lower court became the holder and took the instrument.

<u>Assignment of Error No. 5</u>:    The lower court erred when it didn't comply with the requirements of O.R.C. Title 13 § 1303, 1-305(a), as remedies provided by [the Uniform Commercial Code] must be liberally administered to the end that the aggrieved party may be put in as good position as if the other party had fully performed.

<u>Assignment of Error No. 6</u>:    The lower court erred when it didn't comply with the requirements of O.R.C. Title 13 § 1303, 1-308(a), explicit reservation or [sic] rights perform [sic] or promises performance.

<u>Assignment of Error No. 7</u>:    The lower court erred when it didn't comply with the requirements of O.R.C. Section 1303.40 and Title 13 § 1303, 3-311(a)(i), appellant presented the instrument to the lower court as accord and satisfaction by use of instrument.

<u>Assignment of Error No. 8</u>:    The lower court erred when it didn't comply with the requirements of O.R.C. Title 13 § 1303, 344, as the lower court didn't pretect [sic] appellant of his "expectation interest," his "reliance interest," and his "restitution interest," as they are the appellant's judicial remedies under rules in this Restatement serve [sic] to protect one or all of interests of a promisee.

<u>Assignment of Error No. 9</u>:    The lower court erred when it didn't comply with the requirements of O.R.C. Title 13 § 1303, 364(2), appellant was under the impression, that since he filed the proper instrument to the clerk in the lower court, that he would be granted relief under Revised Code Section 2937.41, and or 2937.40, and appellant's relief would had [sic] stopped further mental anguish, but with such denial from the lower court, appellant is faced with even more tuburlance [sic].

**Law and Analysis**

{¶ 8}   R.C. 2937.40 governs the release of bail and sureties.  It provides, in relevant part:

(A) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:

(1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

(a) By delivery of the accused into open court;

(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

(2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;

(3) By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less.

(B) When cash or securities have been deposited as bail by a person other than the accused and the bail is discharged and released pursuant to division (A) of this section, or when property has been pledged by a surety on recognizance and the surety on recognizance has been released pursuant to division (A) of this section, the court shall not deduct any amount from the cash or securities or declare forfeited and levy or execute against pledged property. The court shall not apply any of the deposited cash or securities toward, or declare forfeited and levy or execute against property pledged for a recognizance for, the satisfaction of any penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, except upon express approval of the person who deposited the cash or securities or the surety.

(C) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by an accused shall be discharged and released to the accused, and property pledged by an accused for a recognizance shall be discharged, upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant is not indigent, the court may apply deposited bail toward the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, and may declare forfeited and levy or execute against pledged property for the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea.

{¶ 9} In this case, there is nothing in the record to indicate bond was ever posted. There was, therefore, no surety to discharge or release. Accordingly, the trial court did not err in denying Ogletree's motion to release surety from obligation.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR