[Cite as *State v. Ogletree*, 2021-Ohio-1092.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 110057 |
| v. | : | |
| RAYSHAWN OGLETREE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 1, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-04-459615-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Janna R. Lifford, Assistant Prosecuting Attorney, *for appellee.*

Rayshawn Ogletree, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se defendant-appellant Rayshawn Ogletree ("Ogletree") appeals from the trial court's denial of his motion for reconsideration and motion for relief from judgment. For the reasons that follow, we dismiss the appeal.

**Factual and Procedural History**

{¶ 2} On November 23, 2004, Ogletree was arrested. On December 7, 2004, Ogletree was arraigned and his bond was set at $250,000 cash/surety/property. There is nothing in the record to indicate that Ogletree ever posted bond.

{¶ 3} In 2005, a jury found Ogletree guilty of one count of murder with firearm specifications, three counts of aggravated robbery with firearm specifications, one count of aggravated burglary with firearm specifications, and one count of engaging in a pattern of corrupt activity. Ogletree was sentenced to a term of 18 years to life in prison. Ogletree filed a direct appeal on June 7, 2005, and this court affirmed his conviction. *State v. Ogletree*, 8th Dist. Cuyahoga No. 86500, 2006-Ohio-2320. Ogletree appealed this court's decision, but the Ohio Supreme Court declined to accept his appeal for review. *State v. Ogletree*, 111 Ohio St.3d 1430, 2006-Ohio-5351, 855 N.E.2d 496.

{¶ 4} On August 21, 2006, Ogletree filed an application to reopen his direct appeal pursuant to App.R. 26(B), arguing that his appellate counsel was ineffective. This court declined to reopen his appeal. *State v. Ogletree*, 8th Dist. Cuyahoga No. 86500, 2006-Ohio-5592.

{¶ 5} On August 20, 2020, Ogletree filed a pro se "motion to release surety from obligation." The substance of this motion is as follows:

> Defendant moves this court for [r]elief of judgment in reason of [s]atisfaction of judgment due to Filed Release of Bond No. 460458 on 07/27/2020 in case styled [above].
>
> O.R.C. 2937.40 Release of Bond
>
> U.C.C. 3-305(a)(1) Claim in Recoupment.

On August 24, 2020, the trial court denied the motion. On September 9, 2020, Ogletree filed a motion for relief from judgment. On September 16, 2020, Ogletree appealed the trial court's denial of his motion to release surety from obligation, in Case No. 109948, raising nine assignments of error for review.

{¶ 6} On September 17, 2020, while the appeal in Case No. 109948 was pending, Ogletree filed a motion for reconsideration. On October 5, 2020, the trial court denied Ogletree's motion for relief from judgment and his motion for reconsideration. On October 27, 2020, Ogletree filed a second notice of appeal, resulting in the instant appeal, of the trial court's denial of his motion for relief from judgment.

{¶ 7} On February 11, 2021, this court affirmed the trial court's denial of Ogletree's motion to release surety from obligation. *State v. Ogletree*, 8th Dist. Cuyahoga No. 109948, 2021-Ohio-381. Because nothing in the record indicated that bond was ever posted, there was no surety to discharge or release. Therefore, this court held that the trial court did not err in denying Ogletree's motion to release surety from obligation. *Id.* at ¶ 9.

{¶ 8} In the instant appeal, Ogletree presents twelve assignments of error, all of which allege that the trial court erred by failing to comply with various

provisions of the Ohio Revised Code and the Uniform Commercial Code and rely on the same facts and law and allege similar or identical arguments to those he unsuccessfully raised in *State v. Ogletree*, 8th Dist. Cuyahoga No. 109948, 2021-Ohio-381.

**Legal Analysis**

{¶ 9} It is well settled that "once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court, except where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify, or reverse the order from which the appeal is perfected." *State v. Austin*, 8th Dist. Cuyahoga Nos. 106215 and 106530, 2018-Ohio-3048. The Ohio Supreme Court has expressly held that an appeal divests trial courts of jurisdiction to consider motions for relief from judgment. *Howard v. Catholic Social Servs.*, 70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890. Therefore, when Ogletree filed his September 16, 2020 notice of appeal, the trial court was divested of jurisdiction to consider his motion for relief from judgment.

{¶ 10} Where the trial court enters an order without jurisdiction, its order is void and a nullity. *State v. Kenney*, 8th Dist. Cuyahoga Nos. 81752 and 81879, 2003-Ohio-2046, ¶ 59, citing *State v. Taogaga*, 8th Dist. Cuyahoga No. 79845, 2002-Ohio-5062, citing *Steward v. Zone Cab of Cleveland*, 8th Dist. Cuyahoga No. 79317, 2002-Ohio-335. No appeal can be taken from a void judgment because a void judgment is necessarily not a final appealable order. *Id.*, citing *Short v. Short*, 6th

Dist. Fulton No. F-02-005, 2002-Ohio-2290.  Therefore, Ogletree's appeal is dismissed for lack of a final appealable order.

{¶ 11}  Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR