JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Dial, Cuyahoga County Court of Common Pleas Case No. CR-422360, applicant was convicted of "six counts of rape, three with the finding that the victim was under thirteen; eight counts of kidnapping; two counts of felonious assault; and three counts of child endangering, all involving his daughter." State v. Dial, Cuyahoga App. No. 82487, 2004-Ohio-5860, at ¶ 10, affirming the judgment of conviction. Dial did not file an appeal to the Supreme Court of Ohio.
 {¶ 2} Dial has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel and merely recites that appellate counsel failed to assign as error: the ineffective assistance of trial counsel; prosecutorial misconduct; the admission of "hearsay testimony" of Steven Smith and Jill Willoughby. Application for Reopening, at 10. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." *Page 4 
 {¶ 4} This court's decision affirming applicant's conviction was journalized on November 15, 2004. The application was filed on January 10, 2007, clearly in excess of the ninety-day limit.
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Dial failed to demonstrate good cause for failing to file a timely application.
 {¶ 6} Dial complains that the appellate counsel whom he retained to handle his direct appeal did not pursue reopening and other avenues of relief. He also states that his later-retained counsel did not pursue reopening on his behalf. "[T]his court [has] rejected reliance on counsel as showing good cause." State v. Gaston, Cuyahoga App. No. 79626, 2002-Ohio-506, reopening disallowed, 2007-Ohio-155, at%7. Similarly, although Dial also complains regarding his inability to secure his file — including the trial transcript — from his former counsel, "[i]t is well established that lack of transcripts and other records does not constitute good cause." State v. Demars (Mar. 18, 1993), Cuyahoga App. No. 62148, reopening disallowed, 2006-Ohio-3833, at ¶ 5 (citations deleted). We must hold, therefore, that Dial has not *Page 5 
demonstrated that there is good cause for the untimely filing of his application for reopening.
 {¶ 7} Dial's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, he has not met the standard for reopening.
 {¶ 8} The state also observes correctly that Dial's sworn statement accompanying the application is not sufficient to support an application. App.R. 26(B)(2)(d) provides that an application for reopening must include, inter alia:
 "A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record [.]"
Dial's sworn statement pertains to what he reports to have been the conduct of his counsel on direct appeal and his later-retained counsel. None of the statement addresses "the manner in which the deficiency [in appellate counsel's representation] prejudicially affected the outcome of the appeal." Dial's "failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening." State v.Whatley, Cuyahoga App. No. 86267, 2006-Ohio-2465, *Page 6 
reopening disallowed, 2006-Ohio-5717, at ¶ 3 (citations deleted). The absence of a sworn statement pertaining to appellate counsel's purported deficiency requires that we deny the application.
 {¶ 9} Dial's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v.Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v.Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 10} Dial did not appeal this court's decision to the Supreme Court of Ohio.
 "The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559." *Page 7 
State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. See also State v.Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, reopening disallowed, 2005-Ohio-380, at ¶ 4. Dial has not provided this court with an adequate explanation as to why the application of res judicata would be unjust. As a consequence, res judicata provides a sufficient basis for denying Dial's application for reopening.
 {¶ 11} We also note that Dial would assign as error that his trial counsel was ineffective. On direct appeal, however, his appellate counsel did raise the ineffective assistance of trial counsel. State v.Dial, Cuyahoga App. No. 82487, 2004-Ohio-5860, at ¶ 9, et seq. Res judicata bars Dial from maintaining an assignment of error which his appellate counsel raised on direct appeal. State v. Ballinger, Cuyahoga App. No. 79974, 2002-Ohio-2146, reopening disallowed, 2003-Ohio-145, at ¶ 29.
 {¶ 12} The state also correctly observes that Dial has merely listed four potential assignments of error without providing any argument or authority in support for those proposed assignments of error.
 ""The mere recitation of assignments of error is not sufficient to meet applicant's burden to `prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. [State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.]" State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, 2000 Ohio App. LEXIS 2907, reopening disallowed (June 21, 2000), Motion No. 1236." *Page 8 
State v. Ogletree, Cuyahoga App. No. 86500, 2006-Ohio-2320, reopening disallowed, 2006-Ohio-5592, at ¶ 6.
 {¶ 13} Accordingly, the application for reopening is denied.
 KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR *Page 1