JOURNAL ENTRY AND OPINION
{¶ 1} The Applicant, Frederick Hawkins, Jr., has filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment rendered by this court in State v.Hawkins, Cuyahoga App. No. 90704, 2008-Ohio-6475, in which we affirmed his convictions for breaking and entering and vandalism. The State of Ohio, through the Cuyahoga County Prosecutor's Office, filed a memorandum in opposition to the application for reopening on February 11, 2009. For the below stated reason, we decline to reopen Hawkins' original appeal.
 {¶ 2} In his application, Hawkins submitted 13 proposed assignments of error. However, Hawkins does not present any argument within those assignments of error pertaining to how counsel's performance was deficient and how he was prejudiced by that deficiency. In State v.Kelly (Nov. 18, 1999), Cuyahoga App. *Page 3 
No. 74912, reopening disallowed (Jun. 21, 2000), Motion No. 12367, this court held that "the mere recitation of assignments of error is not sufficient to meet applicant's burden to `prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful.'" State v.Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696. See, also,State v. Mosely, Cuyahoga App. No. 79463, 2002-Ohio-1101, reopening disallowed, 2005-Ohio-4137, Motion No. 365082; State v. Dial, Cuyahoga App. No. 83847, 2004-Ohio-5860, reopening disallowed 2007-Ohio-2781, Motion No. 392410; State v. Ogletree, Cuyahoga App. No. 86500,2006-Ohio-2320, reopening disallowed 2006-Ohio-5592, Motion No. 387497;State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839, reopening disallowed 2004-Ohio-3951, Motion No. 356284.
 {¶ 3} By not presenting argument pertaining to any of his proposed assignments of error, Hawkins has completely failed to demonstrate that his counsel was deficient or how he was prejudiced by such deficiency. Consequently, there is no basis for this court to make any such finding. Therefore, we find that Hawkins has not met the standard for reopening.
 {¶ 4} Accordingly, the application to reopen is denied.
COLLEEN CONWAY COONEY, A.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1