[Cite as *State v. Freeman*, 2011-Ohio-5151.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95511**

## STATE OF OHIO

PLAINTIFF-RELATOR

vs.

## JAMES FREEMAN

DEFENDANT-RESPONDENT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-353508
Application for Reopening
Motion No. 446563

**RELEASE DATE:**   October 3, 2011

**FOR RELATOR**

James Freeman, pro se
#590410
NCCI
P. O. Box 1812
Marion, OH 43301

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   Pinkey S. Carr
Asst. County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   James Freeman has filed a timely application for reopening pursuant to App.R. 26(B).   Freeman is attempting to reopen the appellate judgment, rendered in *State v. Freeman*, Cuyahoga App. No. 95511, 2011-Ohio-2663, which affirmed his conviction for the offenses of rape and gross sexual imposition.   We decline to reopen Freeman's original appeal.

{¶ 2}   In order to establish a claim of ineffective assistance of appellate counsel, Freeman must demonstrate that appellate counsel's performance was deficient and that, but for his deficient performance, the result of his appeal would have been different.

*State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Freeman must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 3} "In *State v. Reed* [supra, at 458] we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.

{¶ 4} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, supra; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶ 5} In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and

appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, supra.

{¶ 6}    In the case sub judice, Freeman raises three proposed assignments of error in support of his claim of ineffective assistance of appellate counsel:

{¶ 7}    "(1) "The penalties and offenses assessed within this action, should have at least resulted in some of the offenses of similar import being merged into one sentence, while preserving the convictions."

{¶ 8}    "(2) "The Appellate Counsel failed to adequately present a substantive argument of how its constitutional to be convicted of both rape and gross sexual imposition."

{¶ 9}    "(3) "Appellate counsel failed to attack the veracity of the severity of such an argument and assignment of error as manifest weight of the evidence and is demonstrative of a failure to vigorously represent the appellant."

{¶ 10} However, Freeman has failed to present any argument, with regard to his three proposed assignments of error, that demonstrates how appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's claimed deficiency.

{¶ 11} In *State v. Kelly* (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 312367, this court established that the mere recitation of assignments of error is not sufficient to meet the burden to prove that applicant's appellate counsel was deficient for failing to raise the issues he now presents or that there was a reasonable probability that he would have been successful if the present issues were considered in the original appeal. *State v. Gaughan*, Cuyahoga App. No. 90523, 2009-Ohio-955, reopening disallowed, 2009-Ohio-2702, Motion No. 421223. See, also, *State v. Mosely*, Cuyahoga App. No. 79463, 2002-Ohio-1101, reopening disallowed, 2005-Ohio-4137, Motion No. 365082; *State v. Dial*, Cuyahoga App. No. 83847, 2004-Ohio-5860, reopening disallowed, 2007-Ohio-2781, Motion No. 392410; *State v. Ogletree*, Cuyahoga App. No. 86500, 2006-Ohio-2320, reopening disallowed, 2006-Ohio-5592, Motion No. 387497; *State v. Huber*, Cuyahoga App. No. 80616, 2002-Ohio-5839, reopening disallowed, 2004-Ohio-3951, Motion No. 356284. The failure of Freeman to present any argument with regard to his three proposed assignments of error results in the failure to demonstrate that his counsel was deficient and that he was prejudiced by the alleged deficiency.

{¶ 12} Accordingly, the application for reopening is denied.

KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR