[Cite as *State v. Tabasso*, 2013-Ohio-3721.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98248

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JUSTIN TABASSO

DEFENDANT-APPELLANT

---

## JUDGMENT:
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-554082
Application for Reopening
Motion No. 464251

**RELEASE DATE:**   August 27, 2013

**FOR APPELLANT**

Justin Tabasso, pro se
7714 Southington Drive
Parma, Ohio   44129


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Sheila Turner-McCall
Daniel T. Van
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Justin Tabasso has filed a timely application for reopening pursuant to App.R. 26(B). Tabasso is attempting to reopen the appellate judgment that was rendered in *State v. Tabasso*, 8th Dist. Cuyahoga No. 98248, 2012-Ohio-5747, which affirmed his conviction for the offense of felonious assault. For the following reasons, we decline to reopen Tabasso's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Tabasso must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Tabasso must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶3} In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 1998-Ohio-704, 701 N.E.2d 696.

*Smith*, *supra*, at 7.

{¶4} In addition, the Supreme Court of Ohio, in *State v. Spivey*, 84 Ohio St.3d 24,

1998-Ohio-704, 701 N.E.2d 696, held that:

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.*

{¶5} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones*, *supra*, at 752; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶6} In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984), the United States Supreme Court also stated that a court's scrutiny of an attorney's

work must be deferential. The court further stated that it is too tempting for a defendant-appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has firmly established that appellate counsel possesses the sound discretion to decide which issues are the most fruitful arguments on appeal. Appellate counsel possesses the sound discretion to winnow out weaker arguments on appeal and to focus on one central issue or at most a few key issues. *Jones*, *supra*, at 752.

{¶7} In support of his claim of ineffective assistance of appellate counsel, Tabasso raises six proposed assignments of error. Tabasso's first and second proposed assignments of error are based upon a claim of prosecutorial misconduct and contradictory testimony of the victim. Specifically, Tabasso argues that the "prosecution misstated fact contained within its own evidence in accusing the defendant of causing the false injury 'fractured ribs.' * * * It is considered prosecutor misconduct to misstate fact." Tabasso also argues that the "[victim] testified that he suffered a fractured skull as a result of this incident as well as a ruptured sinus. Once again, there is not one mention of those injuries in the medical records and these claims contradict the testimony of [doctor]."

**{¶8}** The record demonstrates that the victim of the felonious assault testified as to having sustained injury to his ribs, skull, and jaw. Tr. 115-116. *Tabasso*, 8th Dist. Cuyahoga No. 98248, 2012-Ohio-5747, at ¶ 7. The credibility of witnesses and the weight to be given to testimony constitutes matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). In addition, sufficient evidence was introduced at trial to demonstrate that the victim did suffer serious physical harm, as a result of the assault, to support the verdict of guilty of the offense of felonious assault. We find that any challenge to the closing argument of the prosecutor or the testimony of the victim would not have resulted in a different outcome on appeal. Tabasso has failed to demonstrate that the outcome of his appeal would have been different had appellate counsel raised and argued the first two proposed assignments of error. *Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696; *Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

**{¶9}** Tabasso, through his third proposed assignment of error, argues that his conviction for the offense of felonious assault was against the manifest weight of the evidence. The issue of manifest weight was previously raised and addressed through Tabasso's original appeal.

> Under well-settled precedent, we are constrained to adhere to the principle that credibility of witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. * * * Here, the jury heard all of the testimony and was free to believe [victim] over [former

girlfriend]. Further, other evidence supported [victim's] version of the events, including [victim's] 911 call, Officer Smith's testimony, and Detective Joyce's testimony. Based on the record before us, we cannot say that the trier of fact clearly lost its way. Accordingly, we find that the conviction is not against the manifest weight of the evidence and, therefore, overrule Tabasso's first assignment of error.

*Tabasso*, *supra*, at ¶ 18.

{¶10} The doctrine of res judicata prevents this court from reopening Tabasso's original appeal, based upon his third proposed assignment of error. Errors of law that were previously raised through an appeal are barred from further review based upon the operation of res judicata. *See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The Supreme Court of Ohio has also established that a claim of ineffective assistance of counsel will be barred by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).

{¶11} Since the issue of manifest weight has already been raised and found to be without merit upon direct appeal, we find that the doctrine of res judicata prevents further review of the issue. We further find that the application of the doctrine of res judicata is not unjust.

{¶12} Tabasso, through his fourth proposed assignment of error, argues that appellate counsel was ineffective upon appeal by failing to raise an assignment of error

that dealt with lesser-included offenses. Specifically, Tabasso argues that the "Court showed bias against the Defendant in not allowing lesser-included offenses to be considered by the jury."

{¶13} The failure to request jury instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. *State v. Griffie*, 74 Ohio St.3d 332, 1996-Ohio-71, 658 N.E.2d 764; *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980), *cert. denied*, 449 U.S. 879, 101 S.Ct 227, 66 L.Ed.2d 102 (1980). It must also be noted that even if requested, a criminal defendant is not automatically entitled to a jury instruction on the lesser-included offenses to felonious assault. *Compare State v. Lewis*, 8th Dist. Cuyahoga No. 95964, 2011-Ohio-6155; *State v. Jordan*, 8th Dist. Cuyahoga No. 91413, 2009-Ohio-4037; *State v. Gholston*, 8th Dist. Cuyahoga No. 88742, 2007-Ohio-4053. Aggravated assault is not a lesser-included offense of felonious assault; rather, it is an inferior degree of felonious assault. *State v. Mays*, 161 Ohio App.3d 175, 2005-Ohio-2609, 829 N.E.2d 773 (8th Dist.). Finally, the trial court did not err by refusing to charge the jury regarding aggravated assault, because no evidence was adduced at trial of any serious provocation by the victim nor was Tabasso under the influence of sudden passion or in a sudden fit of rage. *State v. Crim*, 8th Dist. Cuyahoga No. 82347, 2004-Ohio-2553. We find no ineffective assistance of appellate counsel based upon the fourth proposed assignment of error.

{¶14} Tabasso, through his fifth assignment of error, argues that the "trial court committed plain error by sentencing [Tabasso] to pay restitution amounts that lack a

reasonable degree of certainty based on competent, credible evidence in the record."

{¶15} The record clearly demonstrates that the testimony was introduced at the sentencing hearing, held on March 14, 2012, with regard to the victim's injuries, loss of income, and accumulated medical bills. The victim testified as to the three surgeries required to treat the injuries to his jaw and teeth, the $13,427 in accumulated medical bills, and $4,800 in lost wages. Clearly, the victim's testimony established the value of his loss and the amount of restitution awarded to the victim. Because there was credible evidence presented at the sentencing hearing supporting restitution in the amount of $13,427 and $4,800, we find no error associated with the award of restitution to the victim. Appellate counsel was not required to raise the fifth proposed assignment of error.

{¶16} Tabasso, through his sixth proposed assignment of error, argues that trial counsel erred by failing to file "a Criminal Rule 29(C) Motion after verdict or discharge of jury * * *." Tabasso, however, has failed to establish that the outcome of his appeal would have been different had trial counsel filed a timely Crim.R. 29(C) motion to set aside the verdict. Specifically, Tabasso has failed to demonstrate how he was prejudiced. The mere recitation of a proposed assignment of error is not sufficient to meet Tabasso's burden of proving that his appellate counsel was deficient and that there is a reasonable probability that he would have been successful if appellate counsel presented the proposed assignment of error for review. *State v. Harris*, 8th Dist. Cuyahoga No. 90699, 2008-Ohio-5873, *reopening disallowed*, 2009-Ohio-5962, Motion No. 418801; *State v. Hawkins*, 8th Dist. Cuyahoga No. 90704, 2008-Ohio-6475, *reopening disallowed*,

2009-Ohio-2246, Motion No. 417581.

{¶17} Tabasso has not met the standard for reopening. Accordingly, we decline to

reopen Tabasso's original appeal.

{¶18} Application for reopening is denied.


_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR