[Cite as *State v. Jones*, 2014-Ohio-4467.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 99703

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LISA JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-12-568908 and CR-12-568910
Application for Reopening
Motion No. 474972

**RELEASE DATE:**  October 7, 2014

**FOR APPELLANT**

Lisa Jones, pro se
Inmate No. 85971
Ohio Reformatory for Women
Hale Cottage
1479 Collins Avenue, K-1
Marysville, OH    43040


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Lisa Jones has filed a timely application for reopening pursuant to App.R. 26(B). Jones is attempting to reopen the appellate judgment, rendered in *State v. Jones*, 8th Dist. Cuyahoga No. 99703, 2014-Ohio-1634, that affirmed her plea of guilty to the offenses of aggravated arson, arson, and menacing by stalking, but reversed and remanded for resentencing. For the following reasons, we decline to reopen Jones's appeal.

{¶2} In her application, Jones submits 15 proposed assignments of error in support of her claim of ineffective assistance of appellate counsel. Jones, however, fails to present any cogent argument within the proposed assignments of error demonstrating that appellate counsel was deficient on appeal or that she was prejudiced by that deficiency. In *State v. Kelly*, 8th Dist. Cuyahoga No. 74912, 2000 Ohio App. LEXIS 2907 (June 21, 2000), this court held that the mere recitation of proposed assignments of error is not sufficient to meet applicant's burden to prove that appellate counsel was deficient for failing to raise the errors now presented, as well as showing that had counsel argued those errors on appeal, there was a reasonable probability that counsel would have been successful. *See also State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696; *State v. Hawkins*, 8th Dist. Cuyahoga No. 90704, 2009-Ohio-2246.

{¶3} It must be also noted that the doctrine of res judicata prevents this court from reopening Jones's original appeal. Errors of law and issues that were previously raised through an appeal are barred from further review based on the operation of res judicata.

*See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). In addition, the Supreme Court of Ohio has established that a claim of ineffective assistance of counsel will be barred by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).

{¶4} Herein, the issues of failure to transfer to the mental health docket, the guilty plea was not voluntary, allied offenses of similar import, and the imposition of consecutive sentences of incarceration have already been addressed on direct appeal and found to be without merit. Thus, we find that the doctrine of res judicata prevents further review of the issues of the mental health docket, involuntary plea of guilty, allied offenses of similar import, and consecutive sentencing. We further find that the application of the doctrine of res judicata is not unjust. *State v. Tabasso*, 8th Dist. Cuyahoga No. 98248, 2013-Ohio-3721.

{¶5} Jones has failed to establish ineffective assistance of appellate counsel. Accordingly, we decline to reopen Jones's original appeal.

{¶6} Application denied.

---

MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR