[Cite as *State v. Reeves*, 2015-Ohio-299.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100560**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DONALD R. REEVES**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-13-571787-A
Application for Reopening
Motion No. 479982

**RELEASE DATE:**    January 26, 2015

**FOR APPELLANT**

Donald Reeves
#644-480
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, OH 43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Anthony T. Miranda
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

TIM McCORMACK, J.:

{¶1} Donald R. Reeves has filed a timely application for reopening pursuant to App.R. 26(B). Reeves is attempting to reopen the appellate judgment that was rendered by this court in *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, which affirmed his plea of guilty and sentence to the offenses of attempted felonious assault, felonious assault, and compelling prostitution. For the following reasons, we decline to reopen Reeves's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Reeves is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767.

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶4} Herein, Reeves raises seven proposed assignments of error in support of App.R. 26(B) application for reopening:

1) The trial court erred to the prejudice of defendant-appellant when it sentenced him to consecutive periods of incarceration for a total of 17 years;

2) The trial court erred by allowing the government to breach its plea agreement with Mr. Reeves;

3) The trial court erred when it ignored the following: that no principle of procedural due process is more clearly established than that notice of the specific charge, and a change to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal;

4) The trial court imposed a sentence contrary to law and violated appellant's due process rights when it imposed a maximum sentence upon appellant that was inconsistent with and disproportionate to the sentencing imposed upon like defendants. The trial court abused its discretion by sentencing the defendant to the maximum sentence contrary to law and in violation of the Ohio Constitution and Eighth Amendment to the United States Constitution;

5) The trial court abused its discretion in finding that the following factors, making this offense more serious than the norm, were present in this case; (1) the defendant caused serious physical harm to the victim, and (2) the defendant's relationship with the victim facilitated the offense;

6) Appellant's conviction was against the manifest weight of the evidence; and

7) Defendant's sentence was void because the court failed to merge two offenses which were allied, the trial court, contrary to R.C. 2941.25, imposed a sentence on both counts instead of merging both counts and imposing a sentence on one; res judicata did not bar consideration of this issue, as correcting this error in defendant's sentence was both fair and just and res judicata should not be used to permit a void sentence to stand.

**{¶5}** Reeves, however, has failed to present any argument with regard to his seven proposed assignments of error. Thus, Reeves has failed to demonstrate how appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's claimed deficiencies.

{¶6} In *State v. Kelly*, 8th Dist. Cuyahoga No. 74912, 2000 Ohio App. LEXIS 2907 (June 21, 2000), this court established that the mere recitation of assignments of error is not sufficient to meet the burden to prove that the applicant's appellate counsel was deficient for failing to raise the issues he now presents or that there was a reasonable probability that the applicant would have been successful if the present issues had been considered in the original appeal. *See also State v. Jones*, 8th Dist. Cuyahoga No. 99703, 2014-Ohio-4467; *State v. Hawkins*, 8th Dist. Cuyahoga No. 90704, 2009-Ohio-2246. The failure of Reeves to present any argument with regard to his seven proposed assignments of error results in the failure to demonstrate that his appellate counsel was deficient and that he was prejudiced by the alleged deficiency. *State v. Freeman*, 8th Dist. Cuyahoga No. 95511, 2011-Ohio-5151.

{¶7} It must also be noted that a guilty plea is a complete admission of the defendant's guilt. A counseled plea of guilty, that is voluntarily and knowingly given, removes the issue of factual guilt from the case. *State v. Siders*, 78 Ohio App.3d 699, 605 N.E.2d 1283 (11th Dist.1992). When a defendant enters a plea of guilty, he waives all appealable errors that might have occurred at trial unless the errors precluded the defendant from entering a knowing and voluntary plea. *State v. Barnett*, 73 Ohio App.3d 244, 596 N.E.2d 1101 (2d Dist.1991), citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). A plea of guilty even waives the right to claim that a defendant was prejudiced by ineffective counsel, except to any defects that caused the plea to be less than knowing and voluntary. *Id*. at 249; *see also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48.

{¶8} Upon direct appeal, the issues of a knowing and voluntary plea of guilty and sentencing were raised and addressed by this court. This court found that "Reeves did, in fact, knowingly, voluntarily, and intelligently enter a guilty plea to the charges of felonious assault in

violation of R.C. 2903.11(B)(1), as well as the other three charges." *Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, at ¶ 17. Thus, the fact that Reeves entered a knowing and voluntary plea of guilty waived all appealable error unrelated to the entry of the plea. *Ketterer, supra*.

{¶9} In addition, this court found no error associated with the trial court's sentence and held that:

> Further, Reeve's convictions resulted from a plea agreement. Because there was no agreement by the parties that the trial court should not consider the dismissed charges, and because trial courts routinely consider these matters in sentencing, the court's consideration of the underlying facts in this case was proper. In receiving 17 years incarceration on the four counts to which he pleaded guilty as part of the plea agreement, rather than the possible 127 years incarceration without the plea agreement, Reeves received the benefit of the bargain. *See Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712, at *7.

> Finally, there is no indication in the record that the trial court's sentence was reflective of any improper sentencing factors. There are no statements clearly indicating that the dismissed charges were the sole basis for the sentence, and Reeves's sentence was within the statutory parameters.

> In light of the above, we find that the record supports the conclusion that the trial court considered the relevant sentencing factors before imposing sentence, and the sentence was not solely based on unproven conduct. The sentence is therefore not contrary to law. *See Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.

*Reeves* at ¶ 34-36.

{¶10} Therefore, we find no prejudice as claimed by Reeves vis-a-vis his proposed assignments of error that deal with the trial court's sentence.

**{¶11}** Accordingly, the application for reopening is denied.

TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR