[Cite as *State v. Gohagan*, 2019-Ohio-3188.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107948 |
| v. | : | |
| TIMMON GOHAGAN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-625239-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Geoffrey Minter and Daniel Van, Assistant Prosecuting Attorneys, *for appellee.*

Myron P. Watson, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Timmon Gohagan, appeals his sentence. He raises four assignments of error for our review:

1. The trial court erred when it imposed a maximum and consecutive sentence without considering mitigation, genuine remorse, and support from the trial record to warrant that type of sentence.

2. The appellant's imposed maximum consecutive sentence was contrary to law, and not supported by the record.

3. The trial court committed reversible error in failing to make required findings on the record prior to sentencing the appellant to serve consecutive sentences.

4. The trial court denied the defendant of his right to due process of law to a fair and impartial sentencing.

{¶ 2} Finding no merit to his assigned errors, we affirm.

## I. Procedural History and Factual Background

{¶ 3} In May 2018, Gohagan was indicted on ten counts, including four counts of trafficking heroin, cocaine, fentanyl, and tetrahydrocannabinol ("THC"), four counts of possessing the same drugs, one count of having weapons while under disability, and one count of possessing criminal tools. All of the counts carried a firearm specification and numerous forfeiture specifications.

{¶ 4} Gohagan initially entered into a guilty plea in August 2018 to three second-degree felony trafficking charges, but later withdrew this plea after cooperating with police and entered into a new plea deal three months later. Gohagan ultimately pleaded guilty to an amended indictment of three fifth-degree felonies, including two counts of trafficking in violation of R.C. 2925.03(A)(2) (heroin and cocaine) and one count of attempted trafficking in violation of R.C. 2925.03(A)(2) and 2923.02 (fentanyl). As part of the plea agreement, Gohagan agreed to forfeit six cell phones, several firearms and ammunition, drug

paraphernalia, miscellaneous property, and $17,668. The remaining seven counts were nolled.

{¶ 5} At the sentencing hearing, defense counsel informed the trial court that Gohagan "has a lot of family support." Defense counsel further explained that Gohagan has "substance abuse issues that [were] mitigating here." According to defense counsel, Gohagan is a good person who made some bad decisions. Defense counsel explained that Gohagan's mother was ill and Gohagan played a large part in taking care of her, which showed what type of person he could be. Defense counsel further implored that the court take Gohagan's age into consideration, stating that he believed Gohagan was young enough to turn his life around (29 years old at the time of sentencing).

{¶ 6} The state informed the trial court that it agreed to a "significant reduction" from more serious charges due to "the defendant and his family and because of the support that he has shown in the community." According to the state, Gohagan "took full responsibility for his role in these charges." The state brought Detective Matos from the Cleveland Police Department to explain Gohagan's role in solving the cases.

{¶ 7} Detective Matos explained that Gohagan's family was "a very, very nice family." Detective Matos said that Gohagan's nephew offered to help his uncle in any way possible. Gohagan's nephew gave Detective Matos information that Gohagan relayed to him regarding "two major investigations" that eventually enabled her to seize 12 pounds of marijuana in one case and 40 grams of fentanyl,

40 grams of heroin, and approximately one ounce of cocaine in another case. The state told the court that based on Gohagan and his nephew's help, "we marked these cases down significantly."

{¶ 8} The court indicated that considering Gohagan's criminal history, the court did not believe that the state should have reduced Gohagan's offenses as much as it did. The court stated, "He's been selling drugs a long time, and it's no surprise to me that his family would support him. Anyone who can make $17,000 as quickly as he can make it, I can understand that being very important to your family. Isn't it?" Gohagan denied that was the reason that his family supported him. He stated that his family "was already supportive" of him.

{¶ 9} The court then asked Gohagan, "And you don't use drugs, do you?" Gohagan replied that he did. When the court asked him what drugs, Gohagan stated that he used opiates. The court accused Gohagan of lying because Gohagan only told the presentence investigator that he used marijuana and alcohol. According to the presentence investigation report ("PSI"), Gohagan denied that he used any other substances.

{¶ 10} The court further asked Gohagan, "And you've been selling heroin a long time, correct? That's your drug of choice for sale, correct?" Gohagan replied, "Yes," and agreed that he had, as far back as 2015. Gohagan agreed that he had two trafficking cases in 2015 where he was selling heroin in one and heroin and cocaine in the other. When Gohagan told the court that he had learned his lesson, the court responded, "Well, you know what? You were on probation to [another judge] and

you are still selling heroin.  You know she put you on probation with all these conditions, but that didn't stop you from selling heroin in our community, did it?"

{¶ 11}  Defense counsel spoke to the court again on Gohagan's half.  Defense counsel explained that Gohagan had a number of positive urine tests that were submitted during the pendency of the present case, and thus, the probation department and the court were aware of Gohagan's opiate use.  Defense counsel implored the court to be "open minded relative to the fact that [Gohagan] did have a problem with substance abuse," and that it was a "mitigating factor in terms of evaluating this case."  Defense counsel stated, "I don't want the court to have the misimpression that [Gohagan] willfully deceived the court [about his opiate use] when it was a matter of record."

{¶ 12}  The court explained that the fact that Gohagan lied to the probation department was "not a big deal to me here."  What was important to the court was the fact that Gohagan "had three previous cases for drug trafficking heroin, comes out and goes right back to it.  That's enough.  That's enough.  That's definitely enough for our community."  The court then stated:

> I looked at all his back PSIs.  I know he's been selling drugs for a long time, and I know that his drug of sale is heroin, and cocaine in the old case, not in this case.

> And so I find consecutive sentences are necessary to protect the public from future crime by you, and I don't believe that three years is going to be disproportionate to the seriousness of your conduct and the danger that you pose to the public.

> You obviously committed one or more of these offenses as part of one course of conduct, and I don't think three years for selling heroin in our community and to the amounts that you were selling is not

disproportionate and, of course, your history of criminal conduct, especially in selling heroin, that it continued even after you had prior cases for it is necessary to protect the public.

{¶ 13} The court explained to Gohagan that it did not think that he was a bad person. Rather, it believed he was a "smart person" who could "do very well, but [he was] not going to do it selling heroin in our community." Gohagan indicated that he understood that.

{¶ 14} The trial court sentenced Gohagan to 12 months for each count and ordered that he serve them consecutive to each other, for a total of three years in prison. The trial court further notified Gohagan that he may be subject to three years postrelease control upon his release from prison. The court also imposed costs. It is from this judgment that Gohagan now appeals.

## II. Maximum, Consecutive Sentence

{¶ 15} In his first three assignment of errors, Gohagan contends that the trial court's maximum, consecutive sentence was improper because the trial court (1) failed to consider R.C. 2929.11 and 2929.12, (2) failed to make the required consecutive sentence findings on the record, and because (3) the record did not support consecutive sentences. We find no merit to any of Gohagan's arguments.

### A. Standard of Review

{¶ 16} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not for an

abuse of discretion. Instead, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* The Ohio Supreme Court has further explained:

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

## B. R.C. 2929.11 and 2929.12

{¶ 17} In his first assignment of error, Gohagan maintains that the trial court failed to consider R.C. 2929.11 and 2929.12 when sentencing him.

{¶ 18} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶ 19} R.C. 2929.11(A) states that when sentencing an offender for a felony, the trial court shall be guided by the overriding purposes of felony sentencing, which are (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶ 20} R.C. 2929.11(B) requires the court to impose a sentence that "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing." Further, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and be "consistent with sentences imposed for similar crimes committed by similar offenders." *Id.*

{¶ 21} R.C. 2929.12 sets forth a nonexhaustive list of factors that the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D).

{¶ 22} Gohagan first argues that the trial court failed to make any references "which evidenced any consideration of the sentencing factors under [R.C.] 2929.11 and 2929.12." Trial courts, however, are not required to make factual findings on

the record under R.C. 2929.11 or 2929.12 before imposing the maximum sentence. *Id.* at ¶ 27. In fact, "[c]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234. "[T]his court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Kronenberg* at ¶ 27, citing *State v. Wright*, 8th Dist. Cuyahoga No. 100283, 2014-Ohio-3321. Therefore, the trial court was not required to make any statements on the record indicating that it considered R.C. 2929.11 or 2929.12. Nonetheless, as we discuss in the following paragraphs, we find that record establishes that the trial court properly considered the purposes and principles of felony sentencing and the seriousness and recidivism factors.

{¶ 23} Gohagan maintains that the trial court "was doggedly determined to impose a maximum and consecutive sentence and willfully ignored" mitigating factors, including the fact that he "fully accepted full responsibility for his actions and admit[ted] his wrongdoing." We disagree that the trial court ignored mitigating factors. At the sentencing hearing in this case, the trial court indicated that it reviewed the PSI as well as a letter by Gohagan's mother. The court listened to Gohagan's defense counsel as he elaborated on what was reported in the PSI, including the fact that Gohagan had substance abuse issues. But the trial court was also permitted to consider the fact that while Gohagan told the court at the

sentencing hearing that he had an opioid problem, he denied that he used opiates to the presentence investigator.

{¶ 24} Gohagan further contends that the trial court "summarily rejected the recommendation of the [state] to impose a community control sentence" due to the fact that he cooperated with detectives, which helped them solve two very big drug cases. It is well established, however, that courts are not bound by the state's recommendation in sentencing, even when the recommended sentence induces the defendant to plead guilty to an offense. *State v. Martinez*, 7th Dist. Mahoning No. 03-MA-196, 2004-Ohio-6806, ¶ 8, citing *State v. Buchanan*, 154 Ohio App.3d 250, 253, 2003-Ohio-4772, 796 N.E.2d 1003 (5th Dist.). Here, there was nothing stated on the record that the parties had agreed to any particular sentence. Even if they had, the fact that the state recommended community control sanctions by no means obligated the trial court to impose that sentence. Further, Gohagan informed the trial court at the plea hearing that no one, including his attorney, the prosecutor, or the court, made any "promises, threats or other inducements to [him] to cause [him] to enter into [the] plea."

{¶ 25} Moreover, the court was in possession of Gohagan's presentence investigation report. According to that report, Gohagan had a lengthy criminal history, beginning in 2007 when he was approximately 18 years old and including many misdemeanors as well as felonious assault, drug trafficking in 2013, felony drug possession in 2014, and two separate cases of drug trafficking in 2015. In the 2014 and 2015 drug-related cases, Gohagan was placed on two years of community

control sanctions in October 2015 and found to be a violator in January 2017. The court explained that it found it necessary to sentence Gohagan to prison in this case due to the fact that Gohagan continued to traffic heroin after another judge sentenced him to community control sanctions for the same thing in two other recent cases. The court stated that it did not believe Gohagan that he learned his lesson.

{¶ 26} Finally, Gohagan argues that because his convictions were only fifth-degree felonies, the court should have considered community control sanctions. He maintains that the General Assembly mandates "that low level drug offenders should be presumptively given community control sanctions." But even Gohagan acknowledges that this "presumption can be overcome by other factors" and that "the factual circumstances herein may warrant a decision to incarcerate him." We note that Gohagan does not even argue that the trial court failed to overcome the presumption. Further, under R.C. 2929.13(B)(1)(b)(x), the trial court could sentence Gohagan to prison even though he was only convicted of fifth-degree felony drug offenses (because he had previously served a prison term).

{¶ 27} After review, we conclude that the record establishes that the court considered the required factors under R.C. 2929.11 and 2929.12. Therefore, Gohagan's first assignment of error is overruled.

### C. R.C. 2929.14(C)(4)

{¶ 28} In his second and third assignments of error, Gohagan contends that the trial court failed to make the required findings under R.C. 2929.14(C)(4) before

imposing consecutive sentences and that the record does not support consecutive sentences.

{¶ 29} In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 13. Therefore, trial courts must engage in R.C. 2929.14(C)(4)'s three-tier analysis before imposing consecutive sentences. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Next, the trial court must find that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public. Finally, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense;
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct;
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 30} The failure to make the above findings renders the imposition of consecutive sentences contrary to law. *State v. Lawson*, 8th Dist. Cuyahoga No.

105038, 2017-Ohio-4189, ¶ 9, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075.

{¶ 31} When making the above findings, however, a trial court is not required to engage in "a word-for-word recitation" of R.C. 2929.14(C)(4)'s language. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. In fact, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 32} Although Gohagan raised the issue that the trial court failed to make the required findings, he actually seems to concede that it did make them. Indeed, the record clearly establishes that the trial court made all of the required findings.

{¶ 33} With respect to the record supporting the trial court's findings, Gohagan claims that his offenses are not of the "type to warrant the imposition of consecutive sentences." In support of this statement, he argues that "the drug trafficking counts were the result of an execution of a county search warrant in which evidence (contraband) was found on the premises," and "the state agreed these offenses merited community control sanctions." Neither of these assertions, however, has anything to do with findings the trial court must consider under R.C. 2929.14(C)(4) when reviewing the offenses before it.

{¶ 34} Gohagan further argues that the trial court failed to consider the fact that he was only convicted of fifth-degree felonies that were not "so serious to justify the imposition of a maximum and consecutive sentence." The trial court, however,

found the offenses to be serious despite the fact that the state reduced them to fifth-degree felonies.

{¶ 35} In *State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246 (8th Dist.), the appellant made a similar argument, which was "premised on the assumption that the trial court imposed the maximum sentence because of the court's view regarding the benefit appellant received from the plea agreement, rather than the * * * factors and considerations that prompted the court to impose consecutive sentences." *Id.* at ¶ 34. We disagreed, noting that "[a] plea agreement does not * * * preclude the trial court's consideration of the underlying facts of the case in determining the appropriate sentence to impose" and, therefore, "the trial court is permitted to consider the original charge when imposing its sentencing." *Id.* at ¶ 36, citing *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007; *see also State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2015-Ohio-299, ¶ 9 (when sentencing defendants, trial courts may consider charges that were dismissed pursuant to the plea agreement).

{¶ 36} According to Gohagan's presentence investigation report, police officers were led to Gohagan by a confidential reliable informant who purchased heroin from Gohagan. Officers then obtained a search warrant, which led to the seizure of several bags of heroin, several bottles of cutting agent, drug paraphernalia, $17,688, multiple firearms and ammunition, and a bulletproof vest. Although the facts in the presentence investigation report do not indicate that officers also found the presence of cocaine, fentanyl, and marijuana, they must have because Gohagan

was also charged with trafficking of these drugs. The trial court was permitted to consider all of these facts when sentencing Gohagan.

{¶ 37} After review, we find that the trial court made the proper consecutive sentence findings and the record supports such findings. Gohagan's second and third assignments of error are overruled.

## III. Judicial Bias

{¶ 38} In his fourth assignment of error, Gohagan argues that the trial court's comments at his sentencing hearing "about the defendant's family, calling him a liar, and insinuating that he may have killed people" showed the trial court's "ill-will" toward him and established that the court was biased against him.

{¶ 39} Judicial bias has been described as

> "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts."

*State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956).

{¶ 40} "If the trial judge forms an opinion based on facts introduced or events occurring during the course of the current or prior proceedings, this does not rise to the level of judicial bias, 'unless [the opinions] display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *State v. Hough*, 2013-Ohio-1543, 990 N.E.2d 653, ¶ 11 (8th Dist.), citing *Dean*.

{¶ 41} The law presumes that a judge is unbiased and unprejudiced in the matters over which he or she presides, and the appearance of bias or prejudice must be compelling in order to overcome the presumption. *State v. Power*, 7th Dist. Columbiana No. 12CO14, 2013-Ohio-4254, ¶ 23, citing *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 657 N.E.2d 1361 (1994).

{¶ 42} Courts of appeals, however, lack the authority to find that a judge was biased against a party or void a trial court judgment on a claim that the trial judge was biased. *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978). This is because "[t]he Chief Justice of the Supreme Court of Ohio, or his [or her] designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution. Nonetheless, biased comments at sentencing can be reviewed by an appellate court for due process violations. *State v. Frazier*, 8th Dist. Cuyahoga No. 104264, 2017-Ohio-8307, ¶ 16, citing *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254.

{¶ 43} In support of his argument, Gohagan first points to a passage from the sentencing hearing where the trial court questioned whether his family supported him because he financially supported them with the money he made from selling drugs. Gohagan directly put his family at issue, however, to obtain a better plea deal. It was Gohagan's nephew who provided information to police (from

Gohagan) regarding details as to where Gohagan obtained the drugs that he sold. Thus, the trial court's comments did not amount to judicial bias.

{¶ 44} Gohagan points to one other passage where he claims that the trial court "repeatedly and openly mocked him during the sentencing hearing." We disagree. The passage that Gohagan refers to relates to the trial court's comments and questions to Gohagan after the state and the detective explained how Gohagan and his nephew assisted police in solving two large drug rings. After hearing this explanation, the trial court was fully within its authority to question these reports more fully, question the extent to which Gohagan's family was involved, and to question why Gohagan seemingly lied to parole investigators during the presentence investigation report. Again, the trial court's comments do not amount to judicial bias.

{¶ 45} Based upon the record before us, we conclude that Gohagan failed to overcome the presumption that the trial court was not biased. Gohagan's fourth assignment of error is overruled.

{¶ 46} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN A. GALLAGHER, J., CONCUR